IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MICHELLE MURRELL,                )
                                 )
               Plaintiff,        )
                                 )
     v.                          )    No.  07 C 5656
                                 )
MIKE JOHANNS, SECRETARY OF       )
AGRICULTURE (USDA),              )
                                 )
               Defendant.        )

                       MEMORANDUM ORDER

Michelle Murrell ("Murrell") initially filed a "Notice of Appeal" from the adverse administrative decision that had been rendered in her claims of employment discrimination brought against Secretary Mike Johanns of the United States Department of Agriculture. Murrell accompanied that filing with an In Forma Pauperis Application ("Application"). Because Murrell's filing was not really a "Complaint" of the type that is necessary to bring the matter before this District Court, this Court issued an October 9, 2007 minute order directing that she file a proper complaint on or before October 31, 2007.

Now Murrell has indeed submitted a document captioned "Complaint." Although it does not conform to the standards set out in Fed. R. Civ. P. ("Rule") 8(a), this Court will accept it (reading it through the generous lens prescribed for the efforts of pro se litigants by Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)). But Murrell has impermissibly larded up her filing with such wholly extraneous matters as correspondence with

Senator Obama's office, with FBI Director Robert Mueller and with President George Bush as well as her own news release dated July 6, 2006. None of that material belongs in this case, and it is stricken from the record.

What Murrell has properly included is the 27-page August 29, 2007 Final Agency Decision from which the current appeal is being taken. That is an extraordinarily detailed and comprehensive analysis of Murrell's several claims, calling for a good deal more from her by way of a response than simply venting the generalized and conclusory grievances that she has set out in her Complaint. Because the lengthy Final Agency Decision has dealt point by point with Murrell's charges of discrimination, this Court will require a correspondingly detailed point-by-point response from Murrell explaining why she is entitled to reversal of the decision.

This is different from the usual procedure called for in considering a complaint under Rule 12(b)(6), for which purpose the complaint's allegations are accepted as gospel under principles of notice pleading. We have recently been taught by the Supreme Court that evaluation of a complaint includes the factor of "plausibility" (Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)), and application of that principle appears particularly apt here.

Accordingly Murrell is granted until November 19, 2007 to

file a responsive statement of the type referred to above in this memorandum order.  This Court will then determine what further proceedings, if any, may be required.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge
Date:  November 2, 2007